**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAUREEN ELIZABETH MYERS, | : |
| Plaintiff, | : Civil Action No. 17-4417 (ES) (SCM) |
| v. | : MEMORANDUM |
| LYNN E. BERRY, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendants[1] Lynn E. Berry, Larry E. Becker, and Mark E. Kellogg's (collectively, "Defendants") unopposed motion to dismiss *pro se* Plaintiff Maureen Elizabeth Myers's Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (D.E. No. 13). The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court GRANTS Defendants' motion.

**I. Background**

The Court draws the following facts from Plaintiff's handwritten form Complaint.[2] (*See* Compl.). In November 1999, Plaintiff and her veteran ex-husband completed divorce proceedings in Fairfax County, Virginia. (*See id.* at 3). Plaintiff alleges various injuries stemming from these

---

[1] Plaintiff's Complaint names the following Defendants: "Lynne E Berry"; "Becker"; "Irving"; "Hadeed"; "Hicks"; and "Kellogg." (*See* D.E. No. 1, Compl.). Defendants provide their full names in their motion to dismiss. (*See* D.E. No. 13).

[2] For purposes of Defendants' 12(b)(2) motion, because the Court declined to hold an evidentiary hearing, Plaintiff need only "establish a prima facie case of personal jurisdiction." *See Fatouros v. Lambrakis*, 627 F. App'x 84, 87 (3d Cir. 2015). To determine whether Plaintiff made out a prima facie case, the Court is "required to accept the allegations in the complaint as true and to construe any disputed facts in [Plaintiff's] favor." *See id.*

proceedings. Generally, Plaintiff alleges that she did not participate in the divorce proceedings and that she is entitled to money under the Uniform Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (the "Act").

In particular, Plaintiff claims that she "wanted to be informed of court date" but was not "invited to court." (*Id.*). She alleges that she "had custody of our children at time" and that "Fairfax Court should have never let them proceed without pro se wife!" (*Id.*). She posits the following: "Was former husband even there?" "Did [Defendant] Lynn Berry initialize action on her own?" (*Id.*). Plaintiff also alleges that "entitlement money was not paid for ten years and is still not paid correctly" and that she is "missing monies." (*Id.*).

Plaintiff names only one of the defendants in the body of her Complaint, alleging that Defendant Berry was an "attorney for plaintiff former husband" who "signed separation agreement and divorce decree." (*See id.*). Plaintiff alleges that "[f]inancial disclosure was not made when I asked." (*Id.*). Plaintiff also alleges that Defendant Berry "never once talked to me legally." (*Id.*). Finally, Plaintiff alleges that her "injuries are numerous" and that "something fishy went on!" (*Id.*).

For her requested relief, Plaintiff states that she is "looking for my social security disability benefits"; "disability checks"; "injury monies"; "military entitlement paid in full and the back monies involving military monies not paid." (*See id.* at 4).

## II. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). If the court does not hold an evidentiary hearing, a plaintiff "need only

establish a prima facie case of personal jurisdiction." *Id.* To determine whether a plaintiff made out a prima facie case, the court is "required to accept the allegations in the complaint as true and to construe any disputed facts in [the plaintiff's] favor." *See Fatouros*, 627 F. App'x at 87.

In a federal-question case, the Court must determine whether the applicable statute authorizes nationwide service of process. *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 295 (3d Cir. 1985). If not, the court looks to the statutes or rules of the state in which it sits. *See id.* Here, no applicable statute authorizes nationwide service of process, so New Jersey's long-arm statute applies. *See* Fed. R. Civ. P. 4(k)(1)(A); *see also Ontel Prods. Corp. v. Mindscope Prods.*, 220 F. Supp. 3d 555, 559 (D.N.J. 2016) (applying New Jersey's long-arm statute because the applicable federal statute was silent about service of process).

"New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). Thus, "parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.* (citation omitted); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: specific and general. *O'Connor*, 496 F.3d at 317 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984)). "Specific jurisdiction arises from the acts that give rise to the particular claim asserted; general jurisdiction exposes the defendant to jurisdiction for any and all claims." *Ontel Prods. Corp.*, 220 F. Supp. 3d at 559.

**III.    Analysis**

Defendants contend they "do not have *any* contacts with New Jersey, let alone sufficient minimum contacts to establish specific or general jurisdiction." (D.E. No. 13-1 ("Def. Br.") at 6). Defendants submit the following:

> None of these defendants has ever resided in New Jersey. None travels frequently to New Jersey, maintains any business in New Jersey, or continuously engages in any business transactions in New Jersey. None of these defendants has directed his or her activities at residents of New Jersey or purposefully availed himself of New Jersey's laws. They do not advertise in New Jersey, solicit clients from New Jersey, or receive income from clients located in New Jersey. They do not have registered agents in New Jersey to accept service of any complaint filed in state or federal court in New Jersey. Quite simply, none of these defendants has any contacts whatsoever with New Jersey.

(*Id.*). Each Defendant submitted a certification and supplemental certification supporting these assertions. (*See* D.E. Nos. 13-2, 13-3, 13-4 & 14).

Plaintiff did not oppose Defendants' motion. Plaintiff's Complaint states that Defendant Berry resides in Springfield, Virginia, and does not provide any addresses for the other Defendants. (*See* Compl. at 2). Plaintiff's recitation of the facts does not appear to reference New Jersey. (*See id.* at 3). Accordingly, the Court finds that Plaintiff has failed to meet her burden to establish at least a prima facie showing of personal jurisdiction over Defendants.[3]

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Plaintiff's Complaint is DISMISSED without prejudice. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Because the Court lacks personal jurisdiction over Defendants, it declines to consider Defendants' remaining arguments.